UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAMOLA BAMIDELE,

                       Plaintiff,       **MEMORANDUM AND ORDER**

 - against -                                  2:21-cv-2479 (GRB) (AYS)

JERY A. ANDRADE, LILY
TRANSPORTATION CORP.,

                       Defendants.
----------------------------------------------------------------X

**APPEARANCES**

**SANDERS, SANDERS, BLOCK & WOYCIK**
Attorneys for Plaintiff
100 Garden City Plaza, Suite 500
Garden City, NY 11501
By:    David Matthew Kittrell, Esq.

**RAVEN & KOLBE, LLP**
Attorneys for Defendants
126 East 56th Street, Suite 202
New York, NY 10022
By:    Danielle Rudkin, Esq.

**GARY R. BROWN, District Judge:**

## INTRODUCTION

Plaintiff Damola Bamidele brought this diversity action against defendants Jery A. Andrade and Lily Transportation Corp. asserting defendants were negligent when their truck rear-ended Bamidele's vehicle. Presently before the Court is Bamidele's motion for partial summary judgment on the issue of liability. For the reasons below, Bamidele's motion is granted.

## BACKGROUND

The following relevant facts, drawn from the parties' Local Rule 56.1 statements and the evidentiary record, are undisputed unless otherwise noted. *See* DEs 14-2, 15-1.

On August 24, 2020 at around 3:55 A.M., Bamidele and Andrade drove their respective vehicles eastbound on the Long Island Expressway. DE 14-2, ¶ 1. Bamidele's Toyota Corolla was in the right lane; Andrade's Mack tractor trailer was in the center lane. DE 14-11, Dep. Tr. of Damola Bamidele at 24:10–19; DE 14-12, Dep. Tr. of Jery A. Andrade at 21:8–16. As they approached Exit 41N, an unidentified vehicle behind and to the left of Andrade's truck came "too close" to his lane. DE 14-2, ¶ 1; DE 14-12 at 25:23–28:14. In response, Andrade swerved right, rear-ending Bamidele's car, which was slowing as it moved from the right lane onto the exit ramp. DE 14-11 at 23:15–24:10, 26:13–25, 34:23–35:3; DE 14-12 at 21:8–16. Andrade did not see Bamidele's car before hitting him. DE 14-12 at 21:20–23.

The Police Accident Report and the Incident Report record statements by the witnesses which are not inconsistent with the sequence of events. DE 14-3 (Andrade "states that he went into [Bamidele's] lane to avoid a [motor vehicle] and hit" Bamidele's vehicle); DE 14-7 at 5, Defs. Initial Disclosures, Ex. E (stating defendant "hit the car of next right side . . . thinking that someone was in [*sic*] my left side")).

Bamidele brought this action initially in New York Supreme Court, Nassau County on October 28, 2020. DE 1, ¶ 1. On April 8, 2021, Bamidele served its Bill of Particulars, prompting defendants to remove the action to this Court on May 4, 2021.

*Id.* ¶¶ 11, 13. The parties proceeded directly into discovery, and plaintiff filed the instant summary judgment motion on February 24, 2022. DE 14.

## LEGAL STANDARD

This motion for partial summary judgment is decided under an oft-repeated and well-understood standard of review, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed or improperly disputed facts, the movant is entitled to judgment.

## DISCUSSION

Bamidele moves for summary judgment on the issue of defendants' negligence liability. "To establish a cause of action sounding in negligence, a plaintiff must establish [1] the existence of a duty on defendant's part to plaintiff, [2] breach of the duty and [3] damages." *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 576 (N.Y. 2011) (citing *Akins v. Glens Falls City School Dist.*, 53 N.Y.2d 325, 333 (N.Y. 1981)).

Defendants do not dispute that their "vehicle came into contact with the rear and driver's side of [Bamidele's] vehicle." Def. Opp. at 2 ("This much is not in dispute."). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle." *Witonsky v. New York City Transit Auth.*, 145 A.D.3d 938, 939 (N.Y. App. Div., 2d Dep't 2016) (quoting *Nsiah–Ababio v. Hunter*, 78 A.D.3d 672, 672 (N.Y. App. Div., 2d Dep't 2010)). New

York law therefore imposes a presumption of negligence upon defendants rear-ending another vehicle. *Krynski v. Chase*, 707 F. Supp. 2d 318, 323 (E.D.N.Y. 2009) ("While the presumption of negligence is not limited to rear-end collisions with slowing or stationary vehicles, it applies with particular force in these instances . . . ."). Defendants' concession thus establishes Bamidele's prima facie case for negligence liability, "thereby requiring [defendants] to rebut the inference of negligence by providing a non-negligent explanation for the collision." *Witonsky*, 145 A.D.3d at 939 (quoting *Scheker v. Brown*, 85 A.D.3d 1007, 1007 (N.Y. App. Div., 2d Dep't 2010)); *e.g.*, *Mangual v. Pleas*, 2004 WL 736817, at *3 (S.D.N.Y. Apr. 6, 2004) ("A plaintiff makes out a prima facie case of negligence with proof that defendant's vehicle rear-ended plaintiff's vehicle, or where there is no dispute to that effect.").

Additionally, defendants violated New York Vehicle and Traffic Law § 1128(a) by switching lanes without "first ascertain[ing] that such movement can be made with safety" – which, considering a driver's "duty not to merge into a lane of moving traffic until it is safe to do so, . . . constitutes negligence as a matter of law." *Choo v. Virginia Transportation Corp.*, 204 A.D.3d 743, 744 (N.Y. App. Div., 2d Dep't 2022); *e.g.*, *Charles v. Nicholson*, 203 A.D.3d 1124, 1124 (N.Y. App. Div., 2d Dep't 2022); *Carthen v. Sherman*, 169 A.D.3d 416, 417 (N.Y. App. Div., 1st Dep't 2019); *Thompson v. Pizzaro*, 155 A.D.3d 423, 423 (N.Y. App. Div., 1st Dep't 2017); *Vainer v. DiSalvo*, 79 A.D.3d 1023, 1024 (N.Y. App. Div., 2d Dep't 2010) ("A violation of the Vehicle and Traffic Law," which in that case included § 1128(a) "constitutes negligence as a matter of law.").

Defendants attempt to rebut the inference of liability by invoking the "emergency doctrine." Def. Opp. at 5–9. The emergency doctrine "'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' provided the actor has not created the emergency." *Caristo v. Sanzone*, 96 N.Y.2d 172, 174 (N.Y. 2001) (quoting *Rivera v. New York City Transit Auth.*, 77 N.Y.2d 322, 327 (N.Y. 1991)). The emergency doctrine "is typically not available to defendants in rear-end collisions." *Jacobellis v. New York State Thruway Auth.*, 51 A.D.3d 976, 977 (N.Y. App. Div., 2d Dep't 2008) (citing *Campanella v. Moore,* 266 A.D.2d 423, 424 (N.Y. App. Div., 2d Dep't 1999)).

"The possibility that a car in an adjacent lane would try to enter [a defendant's] lane is not a sufficiently unforeseeable or unexpected event as to warrant invocation of the emergency doctrine." *Krynski*, 707 F. Supp. 2d at 325–26. This holding is convincing here, considering Andrade merely reacted to an unidentified vehicle closing in on his lane, "approaching his trailer on the left." DE 15-2, Aff. of Danielle M. Rudkin ¶¶ 9, 11. Corroborating this sequence of events, the Incident Report filled out by Andrade on the day of the collision states he hit Bamidele's car "thinking that someone was in [*sic*] my left side." DE 14-7 at 5. Like the defendants in *Lowhar-Lewis v. Metro. Transp. Auth.*, defendants' "own submissions regarding the incident demonstrate[] that the [Andrade] was not reacting to an emergency, but, rather, to a

Page 5 of 6

common traffic occurrence." 97 A.D.3d 728, 729 (N.Y. App. Div., 2d Dep't 2012). The emergency doctrine does not apply where, as here, a defendant "should reasonably have anticipated and been prepared to deal with the situation with which she was confronted." *Hardy v. Sicuranza*, 133 A.D.2d 138, 139 (N.Y. App. Div., 2d Dep't 1987); *see Smith v. Perfectaire Co.*, 270 A.D.2d 410, 410 (N.Y. App. Div., 2d Dep't 2000) (citing *Moore v. Bame*, 257 A.D.2d 716, 717 (N.Y. App. Div., 3d Dep't 1999)).

As a matter of law, the emergency doctrine does not apply to these facts. Defendants have therefore failed to rebut the presumption of negligence, meaning Bamidele warrants partial summary judgment on the issue of liability. Plaintiff's motion is granted.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for partial summary judgment is granted.

**SO ORDERED.**

Dated: Central Islip, New York　　　　/s/ Gary R. Brown
　　　　September 13, 2022　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　United States District Judge